IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HETTICK, #202302536, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:24-cv-2112-K-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Christopher Hettick, detained at the Johnson County jail, filed *pro se* in federal court a motion requesting federal intervention in a state criminal proceeding, a filing that has been construed as an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed habeas petition without prejudice to Hettick's right to pursue and exhaust available state remedies.

**Discussion**

Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting

extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)); *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (Section 2241 remains available where "a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." (emphasis in original)).

And a state pretrial detainee may "raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Continued detention at the jail would satisfy the first – "in custody" – requirement.

But Hettick still must exhaust "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973))); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a

> currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Because Hettick has not made this second required showing, the Court should dismiss this matter without prejudice, to allow Hettick to pursue and exhaust available state remedies.

## Recommendation

The Court should dismiss the construed habeas petition without prejudice to Petitioner Christopher Hettick's right to pursue and exhaust available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 28, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE